**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RICHARD D. SULLIVAN** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:24cv300-HSO-BWR** |
| | § | |
| | § | |
| **WILLIAM ANDERSON** | § | **DEFENDANT** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [62] AS MODIFIED; DENYING PLAINTIFF'S MOTION [44] FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER; AND GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANT'S MOTION [52] FOR SUMMARY JUDGMENT**

This matter comes before the Court on the Report and Recommendation [62] of United States Magistrate Judge Bradley W. Rath, entered in this case on October 20, 2026, as well as the Motion [44] for Preliminary Injunction and Temporary Restraining Order filed by Plaintiff Richard D. Sullivan ("Plaintiff" or "Sullivan") and the Motion [52] for Summary Judgment filed by Defendant William Anderson ("Defendant" or "Anderson"). The Magistrate Judge recommended that Plaintiff's Motion [44] be denied, that Defendant's Motion [52] be granted, that Plaintiff's federal claims be dismissed with prejudice, that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, and that the state-law claims be dismissed without prejudice. *See* R. & R. [62] at 17.

Plaintiff has not filed any objections to the Report and Recommendation [62], and the time for doing so has passed. *See id.*; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(2). Based upon a review of the record, the Court finds that the Report and Recommendation [62] should be adopted, as modified, Plaintiff's Motion [44] should be denied, and Defendant's Motion [52] should be granted in part, to the extent it seeks dismissal of the federal claims, but denied without prejudice in part, to the extent it seeks dismissal of the state-law claims. Plaintiff's federal claims should be dismissed with prejudice, but because the Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, they will be dismissed without prejudice.

## I. BACKGROUND

Proceeding pro se, on September 30, 2024, Plaintiff filed the Complaint [1] in this case under 42 U.S.C. § 1983 and state law. *See* Compl. [1]. Anderson, who is the only remaining Defendant in this case, worked for the Jackson County, Mississippi, Sheriff's Department at all relevant times. *See id.*; Order [13]; Order [16]; Order [22]. Plaintiff's claims arise out of Anderson's search, pursuant to a state-court search warrant, of a shed owned by a third-party. *See* Compl. [1]. Officers found a crystal substance, a revolver, and ammunition. *See id.*; Ex. [8]. Plaintiff was subsequently arrested and pled guilty in state court to criminal charges of possession of a controlled substance and possession of a weapon by a convicted felon. *See* Compl. [1]; Ex. [8]; Mem. [53] at 3. According to Plaintiff, he "store[d] stuff in the shed along with about six others." Ex. [8] at 3.

Plaintiff filed a Motion [44] for Preliminary Injunction and Temporary Restraining Order, stating that he has been incarcerated for a year and that he

"should have already been at a [Community Work Center ('CWC')] work camp." Mot. [44] at 1. Defendant filed a Motion [52] for Summary Judgment, requesting that Plaintiff's claims against him be dismissed. *See* Mot. [52]; Mem. [53]. Defendant contends that all of Plaintiff's federal claims are either *Heck*-barred based upon his criminal convictions or do not state a constitutional violation, and that even if they did, he would be entitled to qualified immunity. *See* Mem. [53] at 5-12 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). As for the official-capacity federal claims, Plaintiff "has presented no discernable theory of any official policy promulgated by a municipal policymaker." *Id.* at 14. Finally, Defendant maintains the state-law claims should also be dismissed. *See id.* at 15-18.

The Magistrate Judge recommended that Plaintiff's Motion [44] be denied, that Defendant's Motion [52] be granted, and that Plaintiff's federal claims be dismissed with prejudice. *See* R. & R. [62] at 17. He further recommended that the Court decline to exercise supplemental jurisdiction over the state-law claims, and that those claims be dismissed without prejudice. *See id.*

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse

of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Report and Recommendation [62] is neither clearly erroneous nor contrary to law. Subject to one modification, that Defendant's Motion [52] for Summary Judgment should be denied in part without prejudice as to the state-law claims, the Court will adopt the Magistrate Judge's Report and Recommendation [62] in its entirety as the opinion of this Court. Plaintiff's federal claims will be dismissed with prejudice, and the Court will decline to exercise supplemental jurisdiction over the remaining state-law claims, which will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [62] of United States Magistrate Judge Bradley W. Rath, entered in this case on October 20, 2026, is **ADOPTED**, as modified herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Richard D. Sullivan's Motion [44] for Preliminary Injunction and Temporary Restraining Order is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant William Anderson's Motion [52] for Summary Judgment is **GRANTED IN PART**, as to Plaintiff's federal claims, **and DENIED WITHOUT PREJUDICE IN PART**, as to Plaintiff's state-law claims. Plaintiff Richard D. Sullivan's federal claims against Defendant William Anderson are **DISMISSED WITH PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff Richard D. Sullivan's state-law claims, and the state-law claims are **DISMISSED WITHOUT PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 13th day of November, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE